IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
3rd DIVISION

RANDY WOOD            PLAINTIFF

vs.      Case # 63CV-16-906-3

CARTER EXPRESS INC            DEFENDANTS
and HUMBERTO MENDEZ

### COMPLAINT

COMES NOW the Plaintiff, Randy Wood, by and through his undersigned attorneys, THE LAW OFFICES OF PETER A. MILLER, P.A., and for his complaint against Carter Express Inc and Humberto Mendez does allege, aver, and state:

### JURISDICTION and VENUE

1. At the time of the incident complained of, Plaintiff Randy Wood was a resident of Saline County, Arkansas, and was so at all times mentioned herein.

2. Defendant Carter Express Inc (Carter) is an Indiana Corporation. At all times relevant herein, Carter operated as a commercial motor carrier in the state of Arkansas. Upon information and belief, service may be had on Carter Express Inc by serving its registered agent, John Paugh, at 4020 West 73rd Street, Anderson, Indiana 46011.

3. Defendant Humberto Mendez (Mendez) is an individual residing at 169 Holly Avenue, Del Rio, Texas 76640. At all times relevant herein, Mendez was an employee of Carter, operating Carter's freight truck. Upon information and belief, service may be had on Mendez by serving him at his home address listed above.

4. The events giving rise to this cause of action occurred at mile marker 215.41 on interstate I-40 in Monroe County, Arkansas. The amount in controversy exceeds the minimum



for jurisdiction in circuit court, the Plaintiff is and was a resident of Saline County, Arkansas, at the time of the collision, and jurisdiction and venue are proper in this Court.

## FACTS

5. On or about September 2, 2014, at approximately 12:08 a.m., Defendant Mendez was traveling westbound on interstate I-40, near Brinkley, Monroe County, Arkansas, in a vehicle specifically described as a 2014 Volvo Tractor Trailer, VIN 4V4NC9EH4EN165029, owned by Carter. Mendez had pulled his tractor trailer off the interstate onto the shoulder to "take a restroom break."

6. At said time and place, Plaintiff was driving a vehicle traveling on Interstate 40 in the right, eastbound lane.

7. At said time and location, Defendant Mendez attempted to pull his tractor trailer back onto the interstate in front of the vehicle in which Plaintiff was driving, causing a collision.

8. At the time of the collision, Defendant Mendez was acting within the course and scope of his employment as a driver for Carter.

9. Defendant Mendez chose to negligently pull onto the shoulder of the interstate to urinate instead of taking the exit which was directly in front of his vehicle. Without looking and without signaling, Defendant Mendez pulled his truck back onto the interstate in front of Plaintiff's vehicle.

## CLAIMS and DAMAGES

10. Defendant Mendez is guilty of negligence which was the proximate and actual cause of the above described accident, such negligent acts being:

    a.    Failing to keep a lookout for other vehicles on the highway;

  b. Failing to keep the motor vehicle he was driving under proper control in order to avoid damaging himself and others on the road;

  c. Failing to reduce his speed, stop, or changes lanes to avoid a collision;

  d. Violating the applicable statutes of the State of Arkansas;

  e. Violating the applicable statutes of the United States of America; and

  f. Needlessly endangering the public in general and the Plaintiff specifically.

11. That as a direct and proximate result of the negligence and carelessness of Defendant Mendez, Plaintiff sustained severe personal injuries; as a result of this Plaintiff suffered physical injury, pain and mental distress, and incurred medical bills for treatment and care, and will continue to suffer pain, mental distress, and medical bills for treatment and care. Plaintiff also lost wages and lost a construction contract in excess of $1,000,000.00, causing him to default on a bank loan; lost his vehicle; lost his ability to do perform out of state construction; and incurred additional expenses related to the collision.

12. Mendez is liable in damages to the Plaintiff for all damages caused as a result of his negligence in an amount to be set by the jury in its sound discretion at trial.

13. Carter is liable for the negligent acts of Mendez pursuant to the doctrine of Respondeat Superior.

14. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff requests this Court to grant him a jury trial and award him judgment against the Defendants in a sum which will reasonably compensate him for his past and future damages, for cost, interest, and attorney's fees, and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

*/s/ Jessica Virden*

Jessica Virden, Ark. Bar # 2011050
THE LAW OFFICES OF PETER MILLER
1601 S. Broadway Street
Little Rock, Arkansas   72206
(501) 374-6300 (phone)
(501) 907-0661 (fax)
jvirden@petermillerlaw.com